IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00262-MSK-MEH

GERALD KAVUMA NKWANGA,

       Petitioner,

v.

DOUGLAS MAURER, ICE Field Office Director,

       Respondent.
_____

**OPINION AND ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS***
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Amended Petition for Writ of *Habeas Corpus* **(# 5)**, and the Respondent's Response **(# 14)**.

The Petition alleges that the Petition is a citizen of Uganda.  He arrived in the United States in 1991 and sought political asylum.  That application was denied.  The Petitioner was taken into custody by the Bureau of Immigration and Customs Enforcement on July 17, 2005. The Petition refers to a motion to reopen the immigration proceedings against him that was denied.  The Respondent's response indicates that the Petitioner filed the motion to reopen on September 8, 2005, shortly after the Petitioner was taken into custody, and that the motion was denied on December 13, 2005.  The response further notes that the Petitioner did not appeal the denial of the motion to reopen.

The Petitioner commenced this action on February 16, 2006.  His *pro se* Amended Petition **(# 5)** asserts three claims: (i) a claim that asserts that he faces the risk of political

1

persecution should he be returned to Uganda; (ii) a claim that he has been held in detention without a custody review since July 17, 2005; and (iii) a claim that he has been denied the opportunity to complete a correspondence course in computer programming since his detention.

A *pro se* litigant is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the litigant could prevail, it should do so despite the litigant's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the litigant's pleadings broadly does not relieve the litigant of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

Taking the Petitioner's claims in turn, his first claim is essentially an appeal of the denial of his asylum application and/or the denial of his motion to reopen his case. In is undisputed that the time for filing substantive appeals of these matters has passed, *see* 8 U.S.C. § 1252(b)(1), and the Plaintiff does not assert any constitutional defects in the manner in which these matters were decided. Accordingly, no relief on this claim is available under 28 U.S.C. § 2241.

The Petitioner's second claim is that he has been detained since July 17, 2005 without a custody review. It appears that this claim challenges the Petitioner's continued detention as being in violation of *Zadvydas v. Davis,* 533 U.S. 678 (2001). *Zadvydas* provides that after a period of six months of detention, an alien may come forward with evidence to suggest that there is no significant likelihood that he will be removed in the foreseeable future, and BICE must then come forward with evidence to rebut that showing. 533 U.S. at 701. The six-month presumption of

*Zadvydas* does not automatically require that the alien be released at the expiration of the six-month period or at any time thereafter; notwithstanding the expiration of that period, the alien may continued to be detained until "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Here, although the Petitioner has been detained for more than six months, he has not come forward with evidence indicating that his continued detention in the foreseeable future is likely. Indeed, the Respondents contend that they were prepared to remove him shortly after his motion to reopen was denied, but that his filing of the instant Petition caused them to delay the execution of that removal.[1] There is no indication that the Respondent will be unable to quickly effectuate the Petitioner's removal again at the conclusion of this proceeding. Accordingly, the Petitioner has not demonstrated that he is entitled to relief under *Zadvydas*.

The Petitioner's third contention, that he has been denied access to a computer while detained, thereby preventing him from completing a correspondence course, does not appear to raise any constitutional issue for which *habeas* relief could be granted.

---

[1] This Court's Order to Show Cause **(# 8)** issued on March 9, 2006 directed the Respondent to retain the Petitioner in custody until further order of the Court.

Accordingly, the Amended Petition **(# 5)** is **DENIED**.  The Court **VACATES** that portion of its Order to Show Cause **(# 8)** that prevents the Respondent from effectuating the Petitioner's removal.  The Clerk of the Court is directed to close this case.

Dated this 24th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge